IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | NO. 01-30010-004 |
| BERNARDO SHANKLIN, | ) ) ) | |
| Defendant. | ) ) ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

In 2007, the United States Sentencing Commission amended the Sentencing Guidelines by reducing the sentencing ranges for crack cocaine convictions. U.S.S.G. Supplement to Appendix C, Amendment 706, eff. Nov. 1, 2007 ("Amendment"). The Amendment, which changed U.S.S.G. § 2D1.1(c), generally causes a two level reduction in the base offense levels applicable to crack cocaine offenders. *Id.* On March 3, 2008, the Amendment began applying retroactively. U.S.S.G. § 1B1.10.

On May 15, 2001, Defendant Bernardo Shanklin ("Shanklin") pled

guilty to conspiring to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. At sentencing on September 17, 2001, the Court adopted the pre-sentence report ("PSR"), granted the government's motion for a downward departure, and sentenced Shanklin to 144 months imprisonment. Relying on the retroactive Amendment, Shanklin filed a motion to reduce this sentence [d/e 80].[1]

In calculating a sentence for a narcotics offense, the quantity of drug for which the defendant is held accountable determines the applicable base offense level. In originally computing Shanklin's sentence, this Court determined that his base offense level was 38, because he was accountable for 1.5 kilograms or more of cocaine base (PSR ¶ 46). At the time, this was the highest quantity classification. The PSR, however, made it clear that Shanklin was, in fact, responsible for well in excess of 4.5 kilograms of crack

---

[1]Counsel was initially appointed but moved to withdraw after determining that Shanklin's sentence was unaffected by the amendment [d/e 86]. On April 17, 2008, this Court granted the motion to withdraw while explicitly allowing Shanklin to proceed *pro se.* No further filings were made. In a text order dated June 12, 2008, this Court denied Shanklin's motion to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). This opinion expounds upon that ruling.

cocaine. (PSR ¶ 40.) While the retroactive amendment reduced the base level applicable to crack cocaine quantities between 1.5 and 4.5 kilograms, it also created a new quantity classification for amounts exceeding 4.5 kilograms. *See* U.S.S.G. § 2D1.1(c)(1). Defendants accountable for this quantity of crack cocaine receive a base level offense of 38. *Id.* Since Shanklin was accountable for more than 4.5 kilograms of cocaine base, he would, if sentenced today, again be subject to a base level offense of 38. *See id.* As such, the retroactive Amendment does not alter his guideline range or sentence. Therefore, his motion [d/e 80] is DENIED.

IT IS SO ORDERED.

ENTERED:  July 30, 2008

FOR THE COURT:  /s Judge Richard Mills
United States District Judge