IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 01-30010-004 |
| | ) | |
| BERNARDO SHANKLIN, | ) | |
| | ) | |
| Defendant. | ) | |

## OPINION

RICHARD MILLS, U.S. District Judge:

On February 27, 2008, Defendant Bernardo Shanklin ("Shanklin") filed a motion for for the reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2). This Court initially appointed counsel for Shanklin, but allowed counsel to withdraw on April 16, 2008. Shanklin, however, was given leave to pursue his claims if he wished. Five months later, Shanklin filed another motion based on the crack amendments. By that time, however, this Court had already ruled on the merits, finding that the crack amendments were inapplicable because the Presentence Report showed that

Shanklin was accountable for well over 4.5 kilograms of cocaine base. As such, this Court found that it lacked jurisdiction to revisit the ruling.

Shanklin has now filed a "Motion to Amend Judgment pursuant to Rule 59(e)." Federal Rule of Civil Procedure 59(e), however, does not apply in the sentencing context. Thus, this Court still lacks jurisdiction. The motion is denied.[1]

IT IS SO ORDERED.

ENTERED:                              November 3, 2008

FOR THE COURT:                        /s Judge Richard Mills
                                      United States District Judge

---

[1] Even if jurisdiction were to exist, nothing in Shanklin's latest motion suggests that the prior ruling was incorrect. Since Shanklin was accountable for over 4.5 kilograms of cocaine base, the crack amendments provide no sentence reduction.